THE RIDGEFIELD SAVINGS BANK *vs.* THOMAS L.
SHERWOOD.

Third Judicial District, Bridgeport, April Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Pending an action of foreclosure, the defendant mortgagor employed an attorney at law to obtain for him another loan with which to pay off the first, together with the accumulated interest and costs of suit. The plaintiff bank agreed to make the new loan and the defendant gave his note and a mortgage upon the property to secure it, the attorney forging an indorsement of the record of this mortgage before turning it over to the plaintiff, who thereupon gave the attorney the amount of the loan in two checks payable to his order, the proceeds of both of which, less the accumulated interest and costs of suit in the foreclosure action, the attorney embezzled or converted to his own use. *Held* that the trial court was correct in its ruling that in the transaction by which the attorney obtained possession of the defendant's funds, he was the agent of the defendant and not of the plaintiff, and that the defendant must therefore suffer the loss resulting from the attorney's wrongdoing.

Argued April 17th—decided June 1st, 1917.

SUIT to foreclose a mortgage of real estate, brought to and tried by the Court of Common Pleas in Fairfield County, *Wilder, Acting-Judge;* facts found and judg-

ment rendered for the plaintiff, and appeal by the defendant. *No error.*

The following facts were found by the trial court: In December, 1911, the defendant was the owner of certain real estate, upon which was a mortgage given to secure his note for $1,000 to the Mechanics and Farmers Savings Bank. On the 24th day of December, 1913, the Savings Bank commenced an action to foreclose the mortgage in the Court of Common Pleas in Fairfield County. As a result of a suggestion from the officer who served the process, the defendant consulted Clitus H. King, an attorney at law, who entered an appearance as counsel for defendant. King later applied to the Ridgefield Savings Bank in behalf of Sherwood for a loan of $1,200 upon the property. The land records of the town of Fairfield, where the land was situated, were examined by King and by Samuel Keeler, the president of the plaintiff bank, also an attorney at law. The Bank agreed to make the loan as requested. Sherwood executed a note for $1,200 and a mortgage upon the property to secure the same, to the plaintiff, before King as a notary public, and King then forged the indorsement of the record of the mortgage as purporting to be made by the assistant town clerk of Fairfield upon the mortgage deed. The plaintiff drew two checks to the order of Keeler, one for $1,000 and one for $179.50, and Keeler indorsed them over to King. Keeler gave the checks to King with instructions to pay the mortgage note of $1,000 to the Mechanics and Farmers Bank together with the accumulated interest and costs of the foreclosure action, and see that the remainder of the sum was used for making some repairs upon the property. King had arranged with the attorneys of the Mechanics and Farmers Bank to allow its mortgage to remain, provided the interest and costs of the foreclosure action

were paid, and he paid the sum of $124.38, being the amount due. King did not pay to the Mechanics and Farmers Savings Bank the remainder of the money, but converted the same to his own use, and Sherwood did not receive the benefit of any part of it, except $124.38. The property is now subject to the two mortgages, one to the Mechanics and Farmers Savings Bank, and one to the plaintiff bank for $1,200 which the plaintiff is seeking to foreclose. From a judgment of foreclosure the defendant appealed.

*Edward K. Nicholson*, for the appellant (defendant).

*Leo Davis*, with whom was *Jesse T. Dunbar*, for the appellee (plaintiff).

SHUMWAY, J. The only question presented by the appeal which can be regarded as decisive, is contained in the first reason of appeal and relates to the ruling of the court that King was not the agent of the plaintiff, and that in consequence the loss caused by King's embezzlement did not fall upon the plaintiff.

The finding of the trial court that King was employed by the defendant to act for him in respect to the negotiations with the Mechanics and Farmers Savings Bank and the Ridgefield Savings Bank, would be conclusive upon this court but for the fact, apparent upon the record, that in some of the matters pertaining to the transaction it may be truly said that King was not strictly performing duties connected with and appertaining to the relation of attorney and client existing between him and the defendant. It may be that the plaintiff bank in entrusting the mortgage deed to King to be recorded in the land records of Fairfield was asking of King some service not required by his professional duties to the defendant, and

if the loss resulting from King's wrongdoing could be directly traced to King's failure to do his duty toward the plaintiff, then it might be fairly claimed that the plaintiff should bear the loss. That King, by forging a certificate of record upon the mortgage, led the plaintiff to believe that the mortgage had been duly recorded, cannot be regarded as the particular default in duty on King's part causing the loss that followed. But King, as attorney for the defendant, having been authorized to make the loan, was charged by his duty to his client to see that the funds received from the plaintiff bank were applied for the defendant's benefit. King was authorized to receive the money from the plaintiff. As the defendant's legal adviser and counsel, it was his duty to secure the discharge of the first mortgage and to pay his client's debt. This he failed to do, but appropriated his client's money to his own use. The ruling of the trial court was correct, that in the transaction by which King obtained possession of the defendant's funds he was the defendant's agent.

There is no error.

In this opinion the other judges concurred.